[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This tax appeal on the list of October 1, 1993, concerns CT Page 4684 the plaintiff's property located at 11 Willard Road, Norwalk, which the City assessor assessed at $1,019,200. It consists of two parcels of land totaling 1.324 acres on which a single story building stands. It contains approximately 27,770 square feet and is one story high. Concrete block construction put nearly to light industrial use with 3485 square feet of finished office space. Balance of space is for warehouse use.
Interior of building has four sections, varying floor heights and irregular column spacing which hampers interior movement of product. Narrow doorway between loading facility and rest of the building restricts movement within building. Loading facility's overhead door does not allow enough clearance for box truck clearance. Some of interior floor and ceiling differences of 7 1/2 feet exist. Not up to standard of modern industrial building. South wall indicated erosion of masonry facade. One loading area on West wall with overhead door without drive-in access because concrete block separates parking lot from building grade. Building is right off U.S. 1, the main corridor between Norwalk and Westport.
Owner occupied facility. The plaintiff's sales comparison approach produced 100% value of $833,000. Its income analysis gross potential income for the property. The plaintiff claimed to be $166,200 and on a capitalization basis at a rate of 12.5% indicated a value of $826,000. Reconciliation of the plaintiff's figures brought the plaintiff's conclusion of 100% value to $830,000.
The defendant valued this property at $1,225,000 fair market value. His figures for his income approach with capitalization at 9.5% to $1,206,000, with a final value of$2,225,300. Looking at the defendant assessor's testimony the Court finds it difficult to understand the vast difference between the defendant's income approach value and a total value of $2,225,300 "final value" (See Whitman's testimony in transcript page 30 of November 8, 1996, reporter Mary H. Walsh.). The defendant claims the latter 100% value figure as "fair and equitable". This is apparently based on his "weakest driven cost approach" as well as the "income approach".
The plaintiff reconciled its sales comparisons income capitalization from approaches and claimed a 100% value of CT Page 4685 $830,000. The defendant initially assigned a 100% value of $1,450,000 (?) but at trial claimed a 100% value of $1,225,300 (N.B. the transcript cited above shows the defendant testifying to $2,225,300).
The Court finds the defendant's assessment of $1,019,200 is excessive and the plaintiff's aggrievement is obvious.
None of the defendant's figures seems realistic. They contradict each other and leave the Court thinking their credibility is clearly lacking.
The Court finds the correct assessment value to be $795,000.
BY THE COURT,
GEORGE A. SADEN JUDGE TRIAL REFEREE